Thomas
v.
Van Ness.

THOMAS, admr. of Hagerman, *against* VAN NESS and
OTHERS, heirs and devisees of Van Ness.

*The plaintiff, by mistake, proceeded against heirs and devisees as joint debtors, within 1 R. L. 521, s. 13; the process being served on some of the defendants; against whom the plaintiff declared. The defendants served with process, demurred; upon which the parties agreed that judgment should be entered against the plaintiff on demurrer, with leave to amend on payment of costs, as if the cause had been argued and decided for the defendants on the demurrer; held, that the plaintiff might then bring in the other defendants on simul cum process; and declare and proceed against the whole.*

THE defendants were, by mistake, treated by the plain-
tiff as joint debtors; part being returned by the sheriff as
taken, and part not found.   He declared against those tak-
en as impleaded with the others.   The defendants taken,
demurred to the declaration specially; and the plaintiff
joined in demurrer. This was before *Whitaker* v. *Young*,
(2 *Cowen*, 569,) was decided.   On learning this decision,
the attorneys stipulated that judgment should be entered
for the defendants on the demurrer, with leave for the
plaintiff to amend on payment of costs, as if the cause had
been argued and decided in favor of the defendants on the
demurrer.   This stipulation was filed, and a rule entered
according to it; and the costs paid.   The plaintiff then is-
sued writs of *capias ad respondendum simul cum;* and
brought in the other defendants, the other heirs and devi-
sees.   He then amended his declaration accordingly; and
offered a copy with notice of the rule to plead to the attor-
ney of the heirs, &c. first brought into court.   This he
declined receiving, on the ground that the amendment was
not warranted by the rule.

This question (among others) between the attorneys
was now submitted, by consent, to the court.

*S. Cleveland*, for the plaintiff.

*Hooker* and *Radcliff*, for the defendants.

*Curia.*   An order made by this court, in the terms of
the stipulation, would, we think, have warranted the amend-
ment by bringing in the defendants not taken; and pro-
ceeding against them as the plaintiff has done in this in-
stance.   The plaintiff is, therefore, regular.

Papers returned to counsel, with the expression of the
above opinion.   No rule was entered.